OPINION
PER CURIAM.
Kevin L. Twillie filed a pro se complaint against various field offices of the Federal Bureau of Investigation (“F.B.I.”). In his complaint, he alluded generally to “retaliation tactics” and “harassment.” He then described the circumstances that precipitated his arrest for indecent assault in Pennsylvania, his sentence for the crime, his decision to go to California after his sentencing, and his subsequent arrest and extradition to Pennsylvania. Twillie also noted his efforts in Pennsylvania to get his belongings and luggage from a California storage facility and to have a commercial tax preparer reissue him a check. He alleged that the F.B.I. was somehow involved in efforts to try to hit him and make him a paraplegic, that F.B.I. agents or informants are in “group sessions” in which he participates, and that field offices of the F.B.I. are spreading rumors that he likes boys instead of women. Seemingly related to his claim of rumormongering, he stated that he guesses that a woman who invited him to her house to watch her son after he met her at a rib festival was an F.B.I. agent. Twillie sought $5,000,000 in “punitive damages” from several F.B.I. field offices, most of which were not named as defendants in his complaint.
The defendants filed a motion to dismiss Twillie’s complaint, arguing that the District Court lacked subject matter jurisdiction and that the allegations were frivolous, nonsensical, and otherwise failed to state a claim against them. The District Court granted the motion and dismissed the complaint. The District Court construed the complaint as alleging, under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), a claim of harassment and retaliation against the F.B.I. Noting that a Bivens claim cannot be maintained against a federal agency such as the F.B.I., the District Court dismissed the suit for failure to state a claim upon which relief can be granted. The District Court held that any amendment to state a Bivens claim against the defendants would be futile, so the District Court denied Twillie leave to amend.
Twillie subsequently filed the following one-line “claim”: “I would like to state that my claim is, due to everything I documented my civil rights were violated, and my amendments, so I would like relief granted.” The District Court construed *598 Twillie’s claim as a motion for reconsideration and denied it.
Twillie appeals the District Court’s judgment. He filed a two-page informal brief in which he implied that the District Court did not liberally construe his complaint; cited the Fourteenth Amendment; claimed that his rights are being violated every day by U.S. officers; stated that his belongings were taken from the basement of an apartment building in 1992 or 1993 by an F.B.I. informant; and further stated that an F.B.I. field office is defaming him by saying that he did not graduate from high school and that he is schizophrenic.
After Twillie filed his brief, the defendants filed a motion for summary affir-mance of the District Court’s judgment. In their motion, the defendants argue that there is no basis in law or fact to disagree with the District Court’s ruling. They claim that Twillie’s implication that the District Court did not liberally construe the complaint is frivolous. They contend that Twillie waived any Fourteenth Amendment claim by not raising it in the District Court (and that it is also without merit if taken on its face, as the Fourteenth Amendment applies to actions by a state not a federal actor, and also without merit if it were taken as an effort to assert a claim under the Fifth Amendment). The defendants similarly contend that the claims relating to the removal of belongings in 1992 or 1993 cannot be raised for the first time on appeal and could not survive a motion to dismiss.
We will grant the defendants’ motion and summarily affirm the judgment of the District Court because no substantial question is presented on appeal. L.A.R. 27.4; I.O.P. 10.6. We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a district court’s dismissal of a complaint for failure to state a claim upon which relief can be granted. See Lum v. Bank of Am., 361 F.3d 217, 223 (3d Cir.2004). We review a decision to deny leave to amend, as well as a denial of a motion for reconsideration, for abuse of discretion. See Koshatka v. Phila. Newspapers, Inc., 762 F.2d 329, 333 (3d Cir. 1985); Lake v. Arnold, 232 F.3d 360, 373 (3d Cir.2000).
The District Court did not err in dismissing the complaint against the defendants. Despite Twillie’s claim to the contrary, the District Court explicitly and obviously construed Twillie’s claims liberally, affording him the allowances due a pro se litigant. See Estelle v. Gamble, 429 U.S. 97, 107, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Similarly construing the complaint liberally, we agree with the District Court that Twillie presented claims against a federal agency, not against individual officers or agents of a federal agency. A claim against a federal agency cannot be raised under Bivens. See Wilkie v. Robbins, 551 U.S. 537, 550, 127 S.Ct. 2588, 168 L.Ed.2d 389 (2007) (citing FDIC v. Meyer, 510 U.S. 471, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994), for the proposition that Bivens has not been extended to claims against federal agencies).
Furthermore, there is an alternative basis for the District Court’s judgment in the record. See Erie Telecomms, v. Erie, 853 F.2d 1084, 1089 (3d Cir.1988) (holding that we may affirm on an alternative basis supported by the record). To survive a motion to dismiss, a complaint must “ ‘state a claim to relief that is plausible on its face.’ ” See Ashcroft v. Iqbal, — U.S. -, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is facially plausible when “the plaintiff pleads factual content that allows the court to draw the reasonable interference that the defendant is liable for the misconduct *599 charged.” Id. (citing Twombly). To determine plausibility, we consider the context of the claims and draw on our judicial experience and common sense. See id. at 1950.
In this case, we need not accept as true Twillie’s general allusions to “retaliation tactics” and “harassment.” See Iqbal, 129 S.Ct. at 1949. We look to the factual allegations he presented in support of his legal conclusions. See id. at 1950. On review, we conclude that his allegations, rife with suppositions (he even uses the word “guess” in presenting one aspect of his claim) and lacking in specificity, are simply not plausible. The facts he pleads, even construed liberally, do not allow us to infer more than the mere possibility of misconduct, which does not show us that he is entitled to relief. See id. at 1950.
The District Court, in dismissing Twil-lie’s complaint, did not abuse its discretion in denying leave to amend because an amendment would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.2002). As the District Court stated, Twillie could not amend his claim to state a claim under Bivens against the F.B.I. because a claim against the F.B.I. cannot be made under Bivens. See supra. Furthermore, it is not apparent how Twillie could transform his implausible claims into plausible claims. To the extent that Twillie makes us aware, through his informal brief, of claims that he would have wanted to present in an amendment, we note that those claims are similarly speculative and implausible.
Furthermore, the District Court did not abuse its discretion in denying Twillie’s motion for reconsideration because the one-sentence “claim” did not serve “to correct manifest errors of law or fact or to present newly discovered evidence.” Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985).
In short, the District Court properly dismissed Twillie’s complaint, denied leave to amend, and denied Twillie’s subsequent motion for reconsideration. Furthermore, there is no substantial question presented on appeal. Accordingly, we grant the Ap-pellees’ motion for summary action, and we will summarily affirm the District Court’s judgment.